# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **ARCHITECTURAL IRON WORKERS'** ) <br> **LOCAL NO. 63 WELFARE FUND**, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **AMERICAN STEELWORKS, INC.**, ) <br> ) <br> Defendant. ) <br> _____) <br> ) <br> **NORTHBROOK BANK & TRUST CO.**, ) <br> ) <br> Intervenor, ) <br> ) <br> v. ) <br> ) <br> **ARCHITECTURAL IRON WORKERS'** ) <br> **LOCAL NO. 63 WELFARE FUND**, et al., ) <br> and **F.H. PASCHEN S.N. NIELSON &** ) <br> **ASSOCIATES, LLC**, ) <br> ) <br> Defendants. ) | Case No. 12 C 2506 |

## MEMORANDUM ORDER

Northbrook Bank & Trust Co. ("Northbrook") and the plaintiffs in this action (collectively "Trust Funds" for convenience) have crossed swords over the claimed entitlement to the sum of $36,051.91 identified by citation respondent F.H. Paschen S.N. Nielson & Associates, LLC ("Paschen") as being in its possession. Their dispute revolves around the question whether those funds are an account receivable of American Steelworks, Inc. ("American"), the defendant in this action against which Trust Funds have obtained a judgment for $216,431.87.

Northbrook came into the picture via a Purchase and Assumption Agreement with the FDIC, which acts as the receiver of the assets and liabilities of failed bank First Chicago Bank &

Trust ("First Chicago"). In that capacity Northbrook succeeded to the ownership of a security agreement that blanketed a wide range of American's assets, including its accounts receivable. For its part, American had been a subcontractor of Paschen, which was the general contractor on a project commonly referred to as the UNO Natchez Elementary School located in Chicago. Because American employed labor belonging to a union covered by a collective bargaining agreement that called for contributions to the Trust Funds, the nonpayment of those contributions gave rise to the judgment in this action.

This is not at all the typical dispute as to priority interests that is resolved under the familiar formula "First in time, first in right." If that had been the case, the January 29, 2010 filing of a UCC-1 Financing Statement by First Chicago, to whose interest Northbrook has succeeded, would have controlled.

But Northbrook's problem is that the funds at issue never became the property of American, because the City of Chicago's Multi-Project Laborer Agreement, by which (1) all contractors and subcontractors for construction on projects that included the one in which Paschen and American were involved, as well as (2) the labor organizations whose members worked on those projects, are bound, contains this provision as its Paragraph 10:

> In the event a dispute shall arise between any contractor or subcontractor of the Project and any signatory labor organization and/or fringe benefit fund established under any of the appropriate collective bargaining agreements as to the obligation and/or payment of fringe benefit contributions provided under the collective bargaining agreement, upon proper notice to the contractor(s) or subcontractor(s) by the applicable labor organization or fringe benefit fund and to the contractor or subcontractor, an amount sufficient to satisfy the amount claimed shall be withheld from the contractor's or subcontractor's regularly scheduled periodic payment from the contractor or subcontractor, or their agents until such time as said claim is resolved.

Under that agreement the amount at issue, because withheld by Paschen pursuant to its terms, never became an actual account receivable of American.

Northbrook attempts to escape from that conclusion through several arguments that, when analyzed, are unpersuasive. For example, its just-filed supplemental memorandum urges that Trust Funds cannot establish a priority interest in the amount at issue -- but that ignores entirely the flaw in its own claim as an intervenor. Because it has no arguable call on the funds, Northbrook lacks standing to challenge the Trust Funds' legal position vis a vis American and Paschen. And that legal position is not a matter of priority (priority in relation to what?), but rather one of Trust Funds' partial recovery on its claim as a judgment creditor.

Northbrook also seeks to rely on the June 2012 Settlement Agreement between Trust Funds and American, under which American agreed to pay the Trust Funds a total sum of $186,179.34 plus interest. In that respect Northbrook points to a release paragraph that is part of the Settlement Agreement -- but that paragraph provides a release against all claims related to specified unpaid reports and calls for a dismissal of then-pending litigation between the parties when the last payment is made -- it does not impair Trust Funds' later judgment obtained in this case. Nor can Northbrook get any mileage out of the standard language of that document's paragraph 8 (emphasis added):

> Entire Agreement. This Settlement Agreement constitutes the entire Agreement between the parties and supersedes all prior and contemporaneous agreements, if any, between the parties relating to the subject matter hereof. In the event that any provision of this Agreement is found to be invalid or unenforceable, the remaining provisions shall not be affected.

In sum, the Trust Funds clearly prevail in their dispute with Northbrook. Northbrook's claim in intervention is dismissed, and Paschen is ordered to turn over the sum of $36,051.91 to the Trust Funds.

_____
Milton I. Shadur
Senior United States District Judge

March 3, 2014